IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY FLAMINGO BROWN. SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1192-JDT-egb |
| | ) | |
| RDAP, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DIRECTING PLAINTIFF TO PAY THE $400 CIVIL FILING FEE,
STAYING ANY PENDING MOTIONS AND
PROHIBITING FILING OF FURTHER MOTIONS UNTIL THE FILING FEE IS PAID

On July 31, 2015, Plaintiff Ricky Flamingo Brown, Sr. ("Brown"), Tennessee Department of Correction ("TDOC") prisoner number 134855, who is currently incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, along with a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Brown has named as Defendants: Residential Drug Abuse Program ("RDAP"), Addiction Treatment Unit ("ATU") Director T, Corman, ATU Counselor First Name Unknown ("FNU") Dyer, HCCF Warden Grady Perry[1], Job Coordinator FNU Woods, and Inmate Raymond Milby.

Under the PLRA, a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a).[2] The statute merely provides the prisoner the opportunity to make a

---

[1] Brown lists the Defendant as Warden Burns, but also provides in his complaint that it is Warden G. Perry. Because the current warden is Grady Perry, the Court will substitute Warden Burns for Warden Grady Perry.

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to

"downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed at least three previous civil rights lawsuits while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[3] Therefore, Plaintiff may not proceed

---

§ 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." Effective May 1, 2013, the Judicial Conference prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is denying leave to proceed *in forma pauperis* in this case, Plaintiff is liable for the entire $400 fee.

[3] *Brown v. Kilburn*, No. 1:96-cv-00158 (M.D. Tenn. Aug. 26, 1997) (dismissed as frivolous); *Brown v. Carpenter*, No. 2:95-cv-02260-JPM (W.D. Tenn. May 9, 1995) (dismissed as frivolous); *Brown v. Bradley*, No. 1:93-cv-00111 (M.D. Tenn. Feb. 12, 1994) (dismissed as frivolous); *Brown v. Westbrooks*, No. 1:93-cv-00198 (M.D. Tenn. Dec. 30, 1993) (dismissed as

*in forma pauperis* in any civil action filed while he is incarcerated unless he demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger must be made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (stating that the injury must be "presently existing" when the plaintiff filed the complaint); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

---

frivolous); *Brown v. Breslin*, No. 3:91-cv-00619 (M.D. Tenn. Mar. 18, 1992) (dismissed as frivolous).

Brown alleges he was in the RDAP program scheduled for release upon completion of the program, but his release date was extended due to a false charge by another inmate and due to racial discrimination by the ATU counselors. (Compl. at 3, ECF No. 1.)

On July 6, 2015, Brown and Defendant Milby had a conversation about same sex marriages pertaining to the Supreme Court ruling in *Elal v. Hodges*, and decided to present questions to the warden on these issues. (*Id.* at 5.) On July 7, 2015, during the RDAP meeting, Brown, who was asked to say something positive to the community, chose to talk about *Elal*. (*Id.* at 5.) After the meeting some inmates approached Defendant Milby regarding asking for sexual favors and if he was interested in same sex marriages. (*Id.*) Brown alleges the Milby was approached by other inmates because Milby is an openly gay inmate who openly discusses his sexual preference and hints at still having same sex relations. (*Id.*) Brown further alleges that Defendant Milby was convinced by other inmates that Brown was going to expose their sexual activities, so instead Defendant Milby went to the counselor and stated that Brown's talk was an attempt to disrespect him and made him feel uncomfortable and humiliated. (*Id.*) As a result of Milby's accusations, Defendant Dyer told Unit Manager Douglas, who is not a party to this complaint, that Defendant Milby had placed a PREA complaint against Brown which automatically puts an inmate into segregation. (*Id.* at 5-6.) Brown contends that Defendant Milby was taken at his word, "because of his gender and because he was white." (*Id.* at 6.) Brown was informed that he could not go back into the RDAP program until he met again with Defendant Corman. (*Id.*)

On July 10, 2015, Brown received a letter from Defendant Milby stating it was Defendant Dyer, not him, who initiated the sexual harassment charge. (*Id.*) Brown alleges that Defendant Dyer was eager to remove him from the program due to his discrimination towards black people.

4

(*Id.*)  On July 13, 2015, Defendant Dyer received information that Brown was not found guilty of sexual harassment, and Brown was released from segregation.  (*Id.*)  Defendant Dyer spoke with Brown about returning to the RDAP program, but Brown was told he needed to talk with Defendant Corman.  (*Id.*)

Brown alleges that Defendants Corman and Dyer are discriminating against black inmates by removing them from the RDAP program.  (*Id.*)  Specifically, Brown contends that Defendant Corman is intentionally increasing black inmates release date and placing false statements on their records, and that Defendant Dyer assisted Defendant Milby in his false accusations against Brown.  (*Id.*)  Additionally, Brown alleges that Defendant Burns signed the job drop without allowing an investigation and that Defendant Woods was the job coordinator when he was dismissed from the treatment program because he did not obey.  (*Id.*at 7-8.)

On July 21, 2015, Brown was notified that he was terminated from the RDAP program for disrespecting policy.  (*Id.* at 9.)

Brown has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint."  *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492-93 (6th Cir. 2012).  Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot consider it on the merits unless Brown first tenders the civil filing fee.  Therefore, Brown's motion to proceed *in forma pauperis* and his "Motion to order Judge to respond . . ." are DENIED pursuant to 28 U.S.C. § 1915(g).

Brown is ORDERED to remit the entire $400 civil filing fee within thirty (30) days after the date of this order.  Failure to do so will result in the assessment of the filing fee from Brown's inmate trust account without regard to the installment procedures and dismissal of this action for failure to prosecute.  *Alea*, 286 F.3d at 381-82.

The current pending motions are stayed until the filing fee is remitted. Brown is hereby PROHIBITED from filing further motions and documents in this case until the full filing fee of $400 is remitted. The Clerk is directed to file no further motions or documents in this case until the full filing fee is received.

IT IS SO ORDERED.

                                       **s/James D. Todd**
                                       JAMES D. TODD
                                       UNITED STATES DISTRICT JUDGE